# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 17-01729-CJC(JDEx)          Date: October 26, 2017

Title: <u>PACIFIC HYDROTECH CORPORATION V. JAMES RIVER INSURANCE COMPANY</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Melissa Kunig</u>                    <u>N/A</u>
Deputy Clerk                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION**

Plaintiff originally filed this lawsuit in Orange County Superior Court on August 14, 2017. (Dkt. 1 Ex. A [Complaint, hereinafter "Compl."].) Plaintiff brings two causes of action for declaratory relief and equitable contribution against Defendant. (*Id.*) On October 2, 2017, Defendant removed the action to this Court, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal].)

According to Plaintiff's allegations, the Irvine Ranch Water District hired Plaintiff as a contractor to drill a new well. (Compl. ¶ 7.) Plaintiff in turn hired a subcontractor, B&F Supply, Inc. ("B&F"), to install metal doors and finish hardware on the project. (*Id.* ¶ 8.) Defendant provided liability insurance to B&F. (*Id.* ¶ 9.) On October 9, 2014, one of B&F's employees, Frank Gonzalez, was injured while working on the project. (*Id.* ¶ 13.) On July 1, 2016, Mr. Gonzalez filed a lawsuit against Plaintiff for his injuries. (*Id.* ¶ 14.)

In the present action, Plaintiff seeks a declaration that Defendant must indemnity Plaintiff in its lawsuit against Mr. Gonzalez. (*Id.* at Prayer for Relief.) Plaintiff's complaint lacks any factual allegations indicating the value of such a declaration. Accordingly, it is unclear whether the amount in controversy exceeds $75,000 as required for the Court to exercise diversity jurisdiction. 28 U.S.C. § 1332.

Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Defendant is hereby **ORDERED** to show cause why this action should not be remanded for lack of jurisdiction. Defendant shall file an opposition to the Court's order by **November 10, 2017**. Plaintiff shall file any reply by **November 17, 2017**. The matter will be decided on the papers without any hearing.

sl